**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

Regena Peltan,
        Plaintiff,

    v.

Aegis Receivables Management, Inc.

        Defendant.

---

COMPLAINT (UNLAWFUL DEBT COLLECTION PRACTICES)

---

I. *Introduction*

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA")

II. *Jurisdiction and Venue*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

III. *Parties*

3. Plaintiff, Regena Peltan, is a natural person residing in the City of Boulder, County of Boulder, State of Colorado.

4. Defendant, Aegis Receivables Management, Inc., is a corporation with its principle place of business located at 851 Irwin Street, Suite 304, San Rafael, California 94901.

5. The principle purpose of Defendant is the collection of debts from consumers using the mails and telephone. Defendant regularly collects and attempts to collect consumer debts alleged to be due to another. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.  *Factual Allegations*

6. Defendant seeks to collect on a consumer debt from Plaintiff by calling her and leaving messages for her on the voicemail of her cellular phone.  This alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

7. For example, on or about October 5, 2009, Defendant called Plaintiff and left a voicemail message on her cellular phone stating words to the effect:

> Hello Miss Regena Peltan. I hope you are doing well. Miss Peltan, my name is Jessica Wood and I'm working on your personal business matter. I request you please do not disregard or do not avoid this message ***because this is something very, very important, you must know***. ***Call me back at once*** on my toll free number which is 800-363-4816 extension 34155. ***I repeat*** 800-363-4816 extension 34155. This number and extension is available until 10:30 as per Eastern Standard Time. (emphasis added).

8. Then later again on or about October 5, 2009, Defendant again called Plaintiff and left a second message on the voicemail of her cellular phone stating words to the effect:

> This is a message for Regena Peltan. Regena, my name is Jessica Wood and I'm working on your personal business matter. ***This business matter needs your immediate attention.*** (emphasis added).

9. Then on or about October 13, 2009, Defendant again called Plaintiff and left another message on the voicemail of her cell phone stating words to the effect:

> Yeah, hi, this message is for Regena Peltan. Regena Peltan this is Sara Smith. This call is regarding your personal business matter, this is not a sales or a solicitation call, ***so don't disregard this call***. We're looking forward for your call at 1- 800-363-4816 I repeat 1-800-363-4816 on ext. 34206. Thank you. Have a great day ahead. Bye-bye. (emphasis added).

10. Then on a future date, which Plaintiff's voicemail did not take note of (this later message was left in either October or November of 2009), Defendant again called Plaintiff and left another message on the voicemail of her cell phone specifically making a point of marking the message as "urgent, stating words to the effect:

> Uh, this message is for Regena Peltan. Uh, Regena please give me a call back on my number 1-800-363-4816 ext. 34206. **{inaudible mumbling and lots of background noise}**… which ***requires immediate attention***. The number again 1-800-363-4816. (emphasis added).

11. Under 15 USC Section 1692d (6), a collection agency is

3

required to meaningfully identify itself when it communicates in connection with the collection of a debt by leaving a message for a debtor.  *See Mark Leyse v. Corporate Collection Services, Inc.*, 2006 U.S. Dist. LEXIS 67719 (S.D. N.Y 2006)(Debt collector only cornered between a rock and hard place because of the method it chose to collect debts and not because of contradictory provisions of FDCPA that are concerned with communicating with an impermissible third party).  *Also See Hosseinzadeh v. M.R.S. Assocs*., Inc., 387 F. Supp. 2d 1104 (C.D. Cal. 2005);  *Foti v. NCO Financial Sys., Inc.*, 2006 WL 779774 (S.D.N.Y. Mar. 25, 2006).

    12.  However, Defendant failed to meaningfully disclose its identity in the above described messages that it left for Plaintiff on her answering machine, in that it did not state that the calls were being left by "Aegis Receivables Management, Inc."

    13.   Under 15 USC Section 1692e (11), a debt collector must disclose in its communications "that the communication is from a debt collector."    *See Knoll v. Allied Interstate, Inc*., No. CCV-06-1211 PAM/JSM, 2007 WL 1825400 (D. Minn. June 21, 2007)(Debt collector violates §1692d if collector leaves an answering machine message and fails to disclose that the call is related to debt collection);  *Also See Foti v. NCO Financial Sys., Inc.*, 2006 WL 779774 (S.D.N.Y. Mar. 25, 2006).

    14.   However, Defendant failed to provide this so-called

4

"debt-miranda" disclosure in the above described messages that it left for Plaintiff on the voicemail of her cell phone.

15. Additionally, Defendant's threats in its message that it left on Defendant's answering machine in a pressing urgent tone of voice that "I request you please do not disregard or do not avoid this message ***because this is something <u>very, very important</u>, you must know. Call me back at once***," "***This business matter <u>needs your immediate</u> attention***," and "***<u>don't disregard this call</u>***" (emphasis added), while at the same time not disclosing that it was attempting to collect on an old alleged debt, conveyed a false sense of urgency. Consumers receiving such messages can be led to believe that there is some sort of real meaningful imminent action pending or even that there is an emergency involving life or death such as a family member being hurt in an accident. *See Foti v. NCO Financial Sys., Inc.*, 2006 WL 779774 (S.D.N.Y. Mar. 25, 2006).

16. The message that Defendant left that it marked as urgent on the voicemail system of Plaintiff's cellular phone also created a false sense of urgency.

### V. COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

18. Defendant' violations of the FDCPA include, but are not limited to, the following:

5

(a)   Defendant violated 15 U.S.C. §1692d (6), by placing telephone calls without meaningful disclosure of its identity when it called Plaintiff and left its messages for Plaintiff and did not state the messages were being left by "Aegis Receivables Management, Inc."

(b)   Defendant violated 15 U.S.C. §1692e (11), by not stating that "it was a debt collector" when it called Plaintiff and left its messages for Plaintiff on Plaintiff's voicemail.

(c) Defendant violated 15 U.S.C. §1692e (10), by creating a false sense of urgency in some of its messages that it left for Plaintiff.

(d) Defendant violated 15 U.S.C. §1692e (5), by taking acts that it could not legally take.

WHEREFORE, Plaintiff, Regena Peltan, requests that judgment enter against Defendant for the following relief:

(1)   Statutory damages, pursuant to 15 U.S.C. §1692k;

(2)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(3)   Such other and further relief as the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY IN THIS ACTION.**

Respectfully submitted,

/s/ Gary Merenstein
Gary Merenstein, #19163
545 Manhattan Dr., #201,
Boulder, CO 80303
(303) 875-8884
*Attorney for Plaintiff*

Address and Telephone Number of Plaintiff:
948 North St., Apt 15
Boulder, CO 80304
(303) 417-0528